UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELIKA SNYDER, an individual,

Plaintiff,

v.

PEASE PIPING, INC., a Washington State corporation; GREATER WESTERN WASHINGTON PIPE TRADES, a Washington State labor union; "DOE(S) 1-100"; and "CORPORATION(S) XYZ 1-100,"

Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

[JURY DEMAND]

COMES NOW Plaintiff Angelika Snyder, by and through her attorneys of record at AKW Law, P.C., in the above-entitled matter and alleges as follows:

## I.    PARTIES

1.    Plaintiff Angelika Snyder is an adult citizen of the United States.

2.    Defendant Pease Piping, Inc. is and was at all times material hereto, doing business in Pierce County, Washington, located at 10601 Waller Rd E, Tacoma, Washington 98446-2234. Defendant Pease Piping, Inc. has employed 15 or more employees at all relevant times herein; it is an employer as defined in the Washington Law Against Discrimination ("WLAD") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

COMPLAINT FOR DAMAGES - 1
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

3. Defendant Greater Western Washington Pipe Trades d/b/a United Association Local 26 Building Association and f/k/a SW Washington Pipe Trades Center ("GWWPT") is and was at all times material hereto, a labor union doing business in Skagit and Thurston Counties, Washington, located at 780 Chrysler Dr., Burlington, WA 98223 and 8501 Zenith Court NE, Lacey, Washington 98516. Defendant GWWPT has employed 15 or more employees at all relevant times herein; it is a labor organization as defined in the Washington Law Against Discrimination ("WLAD") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

4. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting within the course and scope of their employment by Defendants Pease Piping, Inc. and/or GWWPT.

5. Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendants Pease Piping, Inc., GWWPT, and/or were entities involved in causing harm to Plaintiff as alleged herein.

6. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of Defendants Pease Piping, Inc. and/or GWWPT in causing the harm as alleged herein.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 because Defendant Pease Piping, Inc. conducts business in Pierce County, Washington, and Defendant Greater Western Washington Pipe Trades conducts business in Skagit and Thurston Counties, Washington, and a substantial part of the events

COMPLAINT FOR DAMAGES - 2
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

or omissions giving rise to the claim occurred in Thurston County, Washington, all of which are within the district of the Western District of Washington at Tacoma.

9.    On or about May 9, 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") summarizing the sex discrimination and retaliation to which Defendant Pease Piping, Inc. subjected her.  At Plaintiff's request, on February 10, 2023, the EEOC issued Plaintiff a Right to Sue letter as to Pease Piping, Inc., providing that Plaintiff has the right to file a lawsuit against Pease Piping, Inc. under federal law in federal or state court.

10.    On or about September 20, 2022, Plaintiff filed a charge of discrimination with the EEOC regarding GWWPT's discrimination and retaliation.  At Plaintiff's request, on February 10, 2023, the EEOC issued Plaintiff a Right to Sue letter as to GWWPT, providing that Plaintiff has the right to file a lawsuit against GWWPT under federal law in federal or state court.

### III.    FACTS

11.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 10, above.

12.    On or about August 16, 2021, Plaintiff began working at Defendant Pease Piping, Inc. ("Pease Piping") as an Apprentice in the plumbing department.

13.    While employed with Pease Piping, Plaintiff was a union member of Greater Western Washington Pipe Trades ("GWWPT").

14.    Plaintiff's beginning wage was approximately $29.12 per hour, plus benefits.

15.    Plaintiff's wage at the time of her termination was approximately $32.70 per hour, plus benefits.

16.    Plaintiff was a competent and hard-working Apprentice who performed exemplary

COMPLAINT FOR DAMAGES - 3
*SNYDER V. PEASE PIPING, INC., ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

work.

17. On or about September 27, 2021, Plaintiff began working with Journeyman Jeremy Smith in Silverdale, Washington.

18. A Journeyman supervises an Apprentice at the job site, is responsible for the Apprentice's work, and is responsible for promoting safety, health, and education of the apprentice.

19. As the two became acquainted as Journeyman and Apprentice, Journeyman Smith told Plaintiff that he would gladly date her if her relationship with her fiancé did not work out. Uncomfortable with Journeyman Smith's inappropriate comment, Plaintiff did not know how to respond.

20. On or about October 4, 2021, Plaintiff was retrieving copper fittings from a job site supply trailer. This trailer had no interior lighting, and workers used the lamps on their helmets to see inside. Plaintiff was inside towards the back of the trailer when she turned to see Journeyman Smith standing halfway across the trailer, blocking the entrance.

21. Journeyman Smith said to Plaintiff, "This would be a good place to hook up."

22. Plaintiff immediately felt uncomfortable by this inappropriate comment, quickly gathered the copper fittings she needed, and exited the trailer.

23. On or about October 21, 2021, Journeyman Smith asked Plaintiff if she was "a freak in bed."

24. Offended by this inappropriate comment, Plaintiff responded, "That's none of your business."

25. On or about October 26, 2021, Journeyman Smith repeatedly talked about women's breasts throughout the workday in front of Plaintiff.

26. In Plaintiff's presence, Journeyman Smith squeezed the shoe covers set out for the

**COMPLAINT FOR DAMAGES - 4**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

workers on the job site, claiming they were "squishy like boobies." Journeyman Smith then asked Plaintiff if she had "inverted nipples." Plaintiff asked Journeyman Smith why he continued asking her inappropriate questions. Journeyman Smith responded by laughing.

27.    Later that same day, Journeyman Smith approached Plaintiff and attempted to show her pictures on his phone of women in lingerie. Plaintiff communicated to Journeyman Smith that she was not interested in viewing the photos.

28.    Journeyman Smith repeated this type of inappropriate behavior on numerous occasions at the workplace.

29.    In or around November 2021, Plaintiff was assigned to work with Journeyman Smith at the Pierce Transit Center project in Lakewood, Washington.

30.    During the time Plaintiff was working on the Pierce Transit Center jobsite, Journeyman Smith's phone screen broke. Commenting on his broken phone screen, Journeyman Smith stated, "Now I can't watch my porn."

31.    Journeyman Smith then repeatedly complained that he could not watch porn on his phone while at work.

32.    On or about November 22, 2021, while performing groundwork at the Pierce Transit Center with Journeyman Smith and Second Year Apprentice Nick (last name unknown), Apprentice Nick repeatedly grabbed a shovel out of Plaintiff's hands. While ostensibly attempting to grab the shovel, Apprentice Nick also repeatedly grabbed Plaintiff's breasts. Plaintiff was stunned by this unwelcomed inappropriate touching from Apprentice Nick. Journeyman Smith was present during this harassment.

33.    Beginning in or around late November 2021, Journeyman Smith repeatedly made comments to Plaintiff at their job sites about how she "as a woman" needed to be "broken down" and

COMPLAINT FOR DAMAGES - 5
*SNYDER V. PEASE PIPING, INC., ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

then "built back up" the way he wanted her to be.

34.     On or about December 14, 2021, Plaintiff was tasked with accompanying Journeyman Smith to the Tacoma Municipal Courthouse for a project and met him at Pease Piping's Tacoma location.

35.     On the way to the job site, Journeyman Smith spoke about a time he and another plumber worked a job at a strip club, received lap dances after work, and drove home with his penis erect.  While speaking of this during the drive, Journeyman Smith rubbed his crotch and smiled at Plaintiff.

36.     Plaintiff felt incredibly uncomfortable hearing this story and told Journeyman Smith that it was a weird thing to share with her and that she did not want to hear about it.  Journeyman Smith just laughed at Plaintiff's objection to his inappropriate behavior.

37.     On or about December 15, 2021, while Plaintiff was soldering a copper pipe on a water heater, Journeyman Smith approached her from behind.  Journeyman Smith wrapped his arms around Plaintiff and pressed his erect penis into her buttocks.  Plaintiff felt completely violated by Journeyman Smith's sexual assault and forcefully removed herself from his reach.

38.     On or about December 17, 2021, Journeyman Smith again sexually assaulted Plaintiff by pressing his erect penis into her.  Journeyman Smith was showing Plaintiff around a job site, then cornered her in a cramped pipe chase.  Journeyman Smith faced Plaintiff in the small enclosure, and as he reached up above her as though pointing out a pipe, Plaintiff felt Journeyman Smith's erect penis pressing into her thigh.  Extremely uncomfortable with this sexual assault, Plaintiff quickly dodged out of Journeyman Smith's presence and escaped.

39.     That same day, while Journeyman Smith and Plaintiff were walking to the mechanical room where another pipefitter was working, Journeyman Smith told Plaintiff she would look good

COMPLAINT FOR DAMAGES - 6
*SNYDER V. PEASE PIPING, INC., ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

with a "tramp stamp" tattoo and asked if she had her nipples pierced. Plaintiff was outraged and yelled at Journeyman Smith.

40. In or around early January 2022, Plaintiff was grooving pipe and helping Journeyman Smith and Journeyman Pipefitter Jeff (last name unknown) in the lower mechanical room at the Tacoma Municipal Courthouse job site.

41. While Plaintiff was working on a ladder, Journeyman Jeff took pictures of Plaintiff with his cell phone from below.

42. Journeyman Jeff claimed the pictures were to prove to Foreman Matt Bell that Plaintiff was working.

43. Pease Piping had never communicated any requirement of photographic evidence of her working, nor did she ever provide any written or verbal permission for her picture to be taken.

44. Plaintiff was again left feeling uncomfortable and violated.

45. On or about January 27, 2022, Journeyman Smith made a comment to Plaintiff about how she probably had not cut her hair because he would "break up" with her if she did.

46. Journeyman Smith had made similar comments a couple days prior, at which time Plaintiff told Journeyman Smith that he was confused because they were not and had never been together in any way and were only co-workers.

47. Journeyman Smith proceeded to reach for Plaintiff's hair and ran his hair through one of her braids, smelled it, and said it smelled nice. Plaintiff pulled away immediately, and said, "Don't touch me!"

48. After this inappropriate touching of her hair, Plaintiff began wearing her hair in a bun, under her construction hat, so Journeyman Smith would not comment on, touch, or smell her hair.

49. On or about February 5, 2022, Journeyman Smith sent Plaintiff a text message

**COMPLAINT FOR DAMAGES - 7**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

containing a YouTube link to an offensive video titled "Refined – Episode 20."

50.     In the profanity-laden video, cartoon men wearing hard hats rate women on their attractiveness, stating a "5" in the workplace is "more like a 1.5" outside the workplace, with another character saying, "I'd still hit it."

51.     This video was unwelcome and Plaintiff was extremely offended by its content.

52.     On or about February 15, 2022, Plaintiff felt too uncomfortable to attend work due to Journeyman Smith's repeated harassment and decided to take the day off.

53.     On or about February 21, 2022, upon Plaintiff's arrival to work, Journeyman Smith stated that she was "back for more abuse." Plaintiff responded that she was not back for any kind of abuse and was only there to work. Journeyman Smith commented back that she was there to hang out with him specifically. Plaintiff sternly told Journeyman Smith she was only there to work and did not have a choice in who she is assigned to work with. Journeyman Smith's demeanor turned to anger toward Plaintiff and began swearing at her.

54.     On or about February 23, 2022, Journeyman Smith ranted about how all females are "bitches," "cunts," and "the reason the world has problems." Journeyman Smith stated that women are only good for sexual favors and cleaning, but that most of them are not even good mothers.

55.     Plaintiff was severely offended by these despicable comments and objected to Journeyman Smith's sexist statements. Journeyman Smith told Plaintiff to "shut up."

56.     Plaintiff then went to the work trailer to ask Foreman Pat Ayers if she could be reassigned to work with someone other than Journeyman Smith.

57.     Foreman Ayers told Plaintiff she and Journeyman Smith needed to work together and get along.

58.     While Plaintiff was speaking with Foreman Ayers, Journeyman Smith walked by the

COMPLAINT FOR DAMAGES - 8
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

trailer and then joined in on the conversation.

59. During this conversation, both Foreman Ayers and Journeyman Smith sternly instructed Plaintiff to never report anything to their union, GWWPT, especially about any sexual.

60. Plaintiff was in disbelief at this instruction not to report sexual conduct and to silence her.

61. On or about that same day, Plaintiff was struggling with the task of cutting a large pipe.

62. Seeking constructive feedback, Plaintiff asked Journeyman Smith why her pipe cutting was not going well. Journeyman Smith responded, "Because you're a girl."

63. Plaintiff gave Journeyman Smith a disapproving look, explained that she was having a hard time holding the pipe, and asked if she could use a pipe stand to assist her.

64. Journeyman Smith refused Plaintiff's request, and then proceeded to laugh at Plaintiff each time she brought a cut pipe to him. Journeyman Smith said, while laughing, "Oh, is that sexist?"

65. Plaintiff said "Yes" and walked away.

66. In or around March 2022, Plaintiff reported that tools in her tool bucket were missing.

67. Journeyman Smith responded, "You're a girl. Girls don't need tools." Journeyman Smith added, "That's sexist, isn't it?"

68. Plaintiff was unamused and disheartened by Journeyman Smith's continued lack of consideration for how his words and action impacted her, and responded, "Yeah, Jeremy, it's 2022 now, women work, get over it."

69. On or about March 3, 2022, Journeyman Smith was telling Plaintiff about his pant size and while rubbing his crotch, said, "I'm an in-between size."

70. Plaintiff excused herself and went to sit in a porta-potty for a few minutes to get away from Journeyman Smith.

COMPLAINT FOR DAMAGES - 9
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

71.     On or about March 7, 2022, Plaintiff was putting away her tools in a work trailer when Journeyman Smith entered the trailer.

72.     As he was leaving the trailer, Journeyman Smith grabbed Plaintiff's buttocks.

73.     Outraged at this sexual assault, Plaintiff yelled at Journeyman Smith, who ignored her and left.

74.     Plaintiff had no one to turn to regarding Journeyman Smith's behavior.

75.     Foreman Pat and Journeyman Smith had expressly instructed her not to report this type of conduct.

76.     Fearing further harassment from Journeyman Smith, Plaintiff felt she had no choice but to call work and report that she would be absent on several occasions.

77.     On or about March 29, 2022, Foreman Bell took disciplinary action against Plaintiff in the form of a verbal warning for missing work.

78.     On or about March 31, 2022, GWWPT Training Coordinator Seth Thompson called Plaintiff to discuss her attendance.

79.     Plaintiff reported Journey Smith's sexual harassment, which led to such discomfort she found it difficult to appear to work some days.

80.     Plaintiff told Training Coordinator Thompson that she did not know how to deal with these situations or how to report them.

81.     Training Coordinator Thompson informed Plaintiff that he would open an investigation.

82.     On or about April 4, 2022, Plaintiff met with Training Coordinator Thompson and Union Representative Jud Hildebrandt to discuss her report of sexual harassment.

83.     Plaintiff stated that she had kept a log of harassing instances in a notebook.

COMPLAINT FOR DAMAGES - 10
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

84. Plaintiff also reported that she was being treated differently than the men because she was not allowed to perform the same plumbing tasks.

85. Training Coordinator Thompson and Union Representative Hildebrandt went on to tell Plaintiff they would speak with Pease Piping management.

86. On or about April 5, 2022, Plaintiff was working on insulating pipes when Pease Piping Vice President Bryan Hillemann pulled her off the job site.

87. Plaintiff reported to VP Hillemann that Journeyman Smith had been harassing her and that she had kept a log of incidents in a notebook.

88. On or about April 7, 2022, Plaintiff was again pulled off a job site, this time by VP Hillemann and Pease Piping President Kelsey Pease.

89. Plaintiff was told that they spoke with Journeyman Smith and he had admitted to some of the allegations while denying others.  She was also told that if she was placed on a job site with Journeyman Smith, she should remember that we are all human and to call a foreman.

90. VP Hillemann and President Pease also told Plaintiff that sexual harassment toward women is a known problem in the construction industry.

91. None of this represented remedial action of Journeyman Smith's sexual harassment of Plaintiff.

92. Following the conversation with VP Hillemann and President Pease, Plaintiff returned to work.

93. Shortly thereafter, an employee named Blythe (last name unknown), who was the Superintendent's son, called out to Plaintiff and accused her of "stirring up shit" by talking to VP Hillemann and President Pease.

94. Plaintiff told Blythe it was none of his business.

**COMPLAINT FOR DAMAGES - 11**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

95.    On or about April 14, 2022, Plaintiff filed a formal grievance with GWWPT, reporting Journeyman Smith's sexual harassment.

96.    A copy of this grievance was e-mailed to VP Hillemann.

97.    On or about April 19, 2022, Plaintiff sustained a workplace injury when she fell off a ladder.

98.    On April 27, 2022, Dr. Chad Bender, MD completed an L&I Activity Prescription Form authorizing Plaintiff to return to work with restrictions.

99.    Since Plaintiff's return to work, she has been capable of working within Dr. Bender's restrictions but has not been assigned tasks to complete.

100.    Plaintiff's co-workers ignore her and want nothing to do with her.

101.    Meanwhile, Journeyman Smith is still allowed to work as normal and treated no differently, despite Plaintiff's reports of the outrageous sexual harassment she endured at his hand.

102.    The sexual harassment Plaintiff endured at Pease Piping resulted in her leaving the worksite distraught almost every day.

103.    There were several days on which she simply could not endure going to work and facing more sexual harassment and she was forced to report an absence.

104.    On or about April 20, 2022, Plaintiff e-mailed Training Director Thompson a note from Plaintiff's doctor explaining her injury.

105.    On or about April 25, 2022, Training Director Thompson responded and said that he informed Union Representative Hildebrandt of Plaintiff's injury.

106.    That same day, Plaintiff sent Training Director Thompson a copy of Plaintiff's grievance letter.

107.    Training Director Thompson then instructed Plaintiff to contact Union Representative

COMPLAINT FOR DAMAGES - 12
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Hildebrandt, to whom Plaintiff promptly sent a copy of her grievance letter.

108.    On or about April 28, 2022, Union Representative Hildebrandt called Plaintiff to ask about her intentions for filing the grievance.

109.    Later that day, Union Business Agent Mark Wells called Plaintiff to say that she needed to speak with him and Union Representative Hildebrandt in person to file a new grievance.

110.    At this meeting, Plaintiff was informed that she could only file a grievance against Journeyman Smith specifically, not Pease Piping.

111.    On or about May 5, 2022, Plaintiff filed a second formal grievance with GWWPT, directly naming Journeyman Smith and stating the cause of the grievance was sexual harassment.

112.    On or about May 6, 2022, Union Representative Hildebrandt forwarded Plaintiff's grievance letter to Union Business Manager and Financial Secretary Todd Taylor, Assistant Business Manager Cameron Wilkinson, and Business Agent Wells.

113.    On or about May 9, 2022, Assistant Business Manager Wilkinson asked Plaintiff to come to the union hall at 5:00 p.m.  Union Representative Hildebrandt, Training Director Thompson, and Assistant Business Manager Wilkinson were present for this in-person meeting.

114.    During the meeting, Plaintiff was again asked to modify her grievance, this time stating that Journeyman Smith had acted unethically towards her, his apprentice, and that accordingly he had violated the union oath.

115.    Assistant Business Manager Wilkinson then filled out the grievance form and asked that Plaintiff sign it.

116.    Plaintiff was told that she could not write "sexual harassment" on the form. With no other choice, Plaintiff agreed to sign the form.

117.    On or about May 9, 2022, Plaintiff submitted an Equal Employment Opportunity

COMPLAINT FOR DAMAGES - 13
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Commission charge of discrimination against Pease Piping, Inc.

118. On or about May 10, 2022, there was a monthly GWWPT general "hall meeting." At this meeting, the union charges against Journeyman Smith were publicly announced.

119. Thereafter, members at the hall voted for the issue to go before GWWPT's executive board.

120. On or about May 11, 2022, Plaintiff was sent a letter stating she had accrued several unexcused absences from an apprentice welding class.

121. This letter ignored that Plaintiff was on light duty because of the April 19, 2022 injury.

122. Plaintiff also had previously provided Training Director Thompson with a doctor's note and contacted Union Representative Hildebrandt to inform them that Plaintiff was medically unable to attend the welding class.

123. The welding class required routine lifting of 30 pounds or more, which Plaintiff was unable to do while recovering from her injury.

124. Plaintiff was thereafter instructed to attend a subsequent hearing regarding the absences.

125. On or about May 23, 2022, Plaintiff received another letter regarding alleged unexcused absences from the welding class.

126. That same day, Plaintiff travelled to the union hall and submitted a note from her doctor and absence sheets.

127. The next day, on or about May 24, 2022, Plaintiff e-mailed Training Director Thompson to explain that she had submitted an additional doctor's note and absence sheets with the union hall.

128. On or about July 5, 2022, a grievance hearing was held for Journeyman Smith.

**COMPLAINT FOR DAMAGES - 14**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

129.    At the hearing, union leadership publicly announced that Journeyman Smith had charges brought against him, that GWWPT had made findings against him, and that Journeyman Smith was required to choose to either pay a fine or attend an accredited anti-sexual harassment training course.

130.    On or about July 13, 2022, Plaintiff attended a grievance hearing based on GWWPT's assertion that she had failed the welding course because of unexcused absences.

131.    Plaintiff was told that her doctor's note and Journeyman Smith's sexual harassment were not valid reasons to not attend the welding classes.

132.    GWWPT's Apprenticeship Program Standards allow for a "Voluntary Suspension" that would allow a temporary interruption in Plaintiff's apprenticeship without termination, but GWWPT did not inform Plaintiff about or allow her to take a "Voluntary Suspension."

133.    On or about July 14, 2022, GWWPT terminated Plaintiff's apprenticeship. GWWPT notified Plaintiff that she could not appeal the decision and instead would be required to resubmit an application and participate in a new hiring process.

134.    Plaintiff's severe emotional distress continues to this day and is exacerbated by Pease Piping's refusal to take any meaningful remedial action.

135.    Plaintiff only wanted to start her career in plumbing and to succeed in this career.

136.    In return, Pease Piping allowed Plaintiff to be sexually harassed, instructed her not to report it, and then brushed aside her reports when she mustered the courage to do so.

## IV.    FIRST CAUSE OF ACTION

## (TITLE VII – HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX)

## (AGAINST DEFENDANT PEASE PIPING)

137.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

**COMPLAINT FOR DAMAGES - 15**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

through 136, above.

138.    Defendant Pease Piping subjected Plaintiff to a hostile work environment on the basis sex in violation of Title VII, including but not limited to subjecting Plaintiff to ongoing harassment and verbal abuse because of her sex, as described above.

139.    Plaintiff reported the discrimination and harassment to which she was subjected to by Defendant Pease Piping, which failed to take reasonable steps to investigate these allegations and complaints, and failed to ensure appropriate corrective action and/or engage in any remedy of the situation.

140.    At no time did Plaintiff consent or acquiesce to any of the discriminatory acts and/or unlawful behaviors described above.

141.    As a direct and proximate cause of Defendant Pease Piping's deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering in an amount to be proven at trial.

142.    The conduct of Defendant Pease Piping was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

## SECOND CAUSE OF ACTION

## (TITLE VII – DISPARATE TREATMENT ON THE BASIS OF SEX)

## (AGAINST ALL DEFENDANTS)

143.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 142, above.

**COMPLAINT FOR DAMAGES - 16**
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, **P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

144.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") provides that it is an unlawful employment practice "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

145.    Defendant Pease Piping treated Plaintiff differently in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

146.    As a direct and proximate cause of Defendants' actions, including termination, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

147.    The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

148.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**THIRD CAUSE OF ACTION**

**(TITLE VII – RETALIATION)**

**(AGAINST ALL DEFENDANTS)**

149.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 148, above.

COMPLAINT FOR DAMAGES - 17
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

150.   Plaintiff reasonably believed she was discriminated against on the basis of her sex and she opposed such discrimination.

151.   Defendants retaliated against Plaintiff because of Plaintiff's protected activities in violation of Title VII.

152.   As a direct and proximate cause of Defendants' actions, including refusal to consider him for a position he applied for, changes in job responsibilities, hostile work environment, and constructive discharge, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

153.   The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

154.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FOURTH CAUSE OF ACTION

## (WLAD – HOSTILE WORK ENVIRONMENT BECAUSE OF SEX)

## (AGAINST DEFENDANT PEASE PIPING)

155.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 154, above.

156.   Defendant Pease Piping subjected Plaintiff to a hostile work environment in violation of the WLAD, including but not limited to subjecting her to severe and pervasive harassment because

COMPLAINT FOR DAMAGES - 18
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW, P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

of her sex.

157.    As a direct and proximate cause of Defendant Pease Piping's actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(WLAD – SEX DISCRIMINATION)**

**(AGAINST ALL DEFENDANTS)**

158.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 157, above.

159.    Defendants treated Plaintiff differently in the terms and conditions of her employment on the basis of her sex, female, in violation of the WLAD.

160.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

161.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**SIXTH CAUSE OF ACTION**

**(WLAD – RETALIATION)**

**(AGAINST ALL DEFENDANTS)**

162.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 161, above.

COMPLAINT FOR DAMAGES - 19
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, **P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

163.    Plaintiff was treated differently and ultimately terminated in retaliation for her protected activities related to her requests for disability accommodation, in violation of the WLAD.

164.    Plaintiff has been injured by Defendants' purposeful and intentional discrimination and retaliation, as outlined above, and seeks to recover damages according to proof at trial.

165.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

166.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**SEVENTH CAUSE OF ACTION**

**(NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)**

**(AGAINST ALL DEFENDANTS)**

167.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 166, above.

168.    Defendants were negligent in training, hiring, managing, and/or supervising its managers, supervisors, employees, and/or agents.  Defendants were aware or should have been aware of the unlawful actions of its managers, supervisors, employees, and/or agents, and the failures to correct the wrongful conduct.

169.    As a direct and proximate cause of Defendants' negligent supervision and hiring and failure to train, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 20
*SNYDER V. PEASE PIPING, INC., ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

170. Defendants are liable for all actions of their employees, managers, and supervisors under the Doctrine of *Respondeat Superior*. The conduct of these employees, managers, and agents was implicitly ratified by Defendants and involved discrimination.

171. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A. Special damages in an amount according to proof at trial;

B. General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C. Attorney's fees, prejudgment interest, costs, punitive damages, liquidated damages, and any other appropriate remedy as may be provided by law;

D. Compensation for any tax penalty associated with recovery; and

E. For such other and further relief as the court deems just and equitable.

**DATED** March 20, 2023.

AKW LAW, P.C.

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Attorney for Plaintiff
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com

**COMPLAINT FOR DAMAGES - 21**
*SNYDER V. PEASE PIPING, INC., ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529